## ALBERT WILLISCH
### v.
## THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY.

OBJECTIONS NOT PRESERVED IN BILL OF EXCEPTIONS.—The point raised by appellant upon the demurrer to the evidence, can not be considered, as the proceedings respecting it have not been preserved in a bill of exceptions, and the judgment will therefore be affirmed.

ERROR to the City Court of East St. Louis; the Hon. CHAS. T. WARE, Judge, presiding.   Opinion filed April 14, 1882.

Mr. W. P. LAUNTZ, for appellant; that by demurring to the evidence the appellee admitted all that the evidence tended to prove, and there was sufficient to found a recovery, cited Phillips v. Dickerson, 85 Ill. 11; Valtze v. O. & M. R'y Co. 85 Ill. 500; Fent v. T. P. & W. R'y Co. 59 Ill. 349; Dormady v. State Bank, 2 Scam. 236.

Mr. JOHN T. DYE, for appellee; that plaintiff was guilty of gross negligence and can not recover, cited C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. & N. W. R. R. Co. v. Donahue, 75 Ill. 106; 1 Thompson on Negligence, 416; Commonwealth v. Boston R. R. Co. 101 Mass. 201; C. & N.W. R. R. Co. v. Hatch, 79 Ill. 137; Ill. Cent. R. R. Co. v. Benton, 69 Ill. 174.

PER CURIAM.   The point is made in the brief that the so-called demurrer to evidence was not properly framed, and therefore the court erroneously forced the plaintiff to join therein.

The case was taken on call, supposing that abstracts had been filed according to the rule, but none are found on file, and the case might be affirmed for that reason under the rule.

We have, however, examined the record and find that the demurrer to evidence and the proceedings respecting it have not been preserved in a bill of exceptions, and we therefore think there is nothing we can properly consider upon the point made in the brief, and the judgment will be affirmed. Crowe v. The People, 92 Ill. 236.

                                        Affirmed.